UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION-FLINT

IN THE MATTER OF:    CASE NO: 25-31311-JDA    ATTORNEY: Bankruptcy Law Offices
DEBTOR (S)    CHAPTER 13 PROCEEDINGS    DATE FILED: 6/19/2025
    JUDGE: Joel D. Applebaum    CLAIMS BAR DATE: 8/28/2025
Randy S Langford    CONFIRMATION DATE:  8/12/2025

## TRUSTEE'S OBJECTION TO CONFIRMATION

1. Pursuant to 11 U.S.C. 1326(a)(1), the Debtor's first plan payment was due 30 days from the filing of the Petition.  As of the date of these objections, a plan payment has not been received.  The Trustee requires the Debtor to provide a method for the cure of any plan payment default.

2. A Third-Party Wage Withholding Order [Doc. 21] was entered on June 23, 2025 and served on the employer by the Trustee's office on June 24, 2025.  The Trustee notes that as of the date of these objections, the Payment Order has not produced a plan payment.  The Trustee questions whether the Debtor is still employed with Henrob Corporation.

3. The Trustee calculates that the proposed plan is not feasible and will not pay secured creditors in full within 60 months.  11 U.S.C. §1322(d)(1) requires that the plan not extend beyond 60 months.

4. The Debtor's amended Schedule A/B and C [Doc. 8] indicates in 1.1 that Debtor 1 only has an interest in the real property located at 770 1st Street, Fenton, MI but also indicates "jointly owned by ex-spouse." The amended Schedule A/B, C and the Liquidation Analysis indicate the Debtor's share of the equity for the real property is half of the total value. The Warranty Deed for this real property was provided to the Trustee.  Randy's name is the only name included, Sheila is not named on the Deed for the real property located at 770 1st Street, Fenton.  Therefore, the Debtor's plan fails to meet the best interest of creditors test under 11 U.S.C. §1325(a)(4).

5. Paragraph II. C. of the proposed Chapter 13 Plan concerning Future Tax Refunds elects option number 1 for cases assigned to the Flint division indicating that the Debtor's Plan proposes a 100% dividend to unsecured Creditors.  Therefore, debtor is not required to remit any future tax refunds, however, the Debtor's Chapter 13 Plan is a base plan and a

tax refund proration appears on Schedule I. The Trustee requires an amended chapter 13 Plan to clarify the tax refund status.

6. If the Debtor elects to keep a tax refund proration on Schedule I, the amount is understated based on the 2024 Federal Income Tax Return showing a refund of $9,498. Therefore, if a tax refund proration amount remains, the Trustee requires an adjustment to the tax refund proration amount.

7. As of the date of these objections, Dort Financial Credit Union has not filed a Proof of Claim for the 2007 Range Rover or the 2008 Cadillac. If the Creditor does not file Proofs of Claim by the bar date of August 28, 2025, the Trustee requests that the Debtor file claims on creditor's behalf on or before September 27, 2025 so that Creditor may receive distributions during plan pendency pursuant to Bankruptcy Rule 3004.

8. A secured Proof of Claim was filed by US Department of HUD in the amount of 51,574.49, identified as Pacer claim number 1 pursuant to the Court's Claims Register, and the obligation was not treated in the Chapter 13 Plan or listed on Schedule D. The Trustee requires an amended Schedule D and an amended Chapter 13 Plan.

9. The Chapter 13 Plan indicates in I.B. that a limit on the amount of a secured claim based on valuation of the collateral is *not* included, but the Chapter 13 Plan treats two vehicles (a 2007 Range Rover and a 2008 Cadillac) in class 5.1 as debts to be crammed to the value of $500 each. If the Debtor is seeking to limit the amount of this secured claim based on the valuation, the Trustee requires an amended Chapter 13 Plan to check the appropriate box in I.B.

10. The Debtor's Schedule I indicates there is a domestic support obligation being paid at $56.29 per month, but the Debtor testified at the 341 Meeting of Creditors that the domestic support obligation has been paid in full. The Trustee requires an amended Schedule I and J and an increase in plan payments by $56.29 per month.

11. Based upon an average of the Debtor's pay stubs dated March 28, 2025 through June 20, 2025, the Debtor's gross income was in the average amount of $6,380.36; less average of the deductions of $2,033.36 per month which constitutes monthly net income in the average amount of $4,347. As such, the Debtor's Schedule I understates monthly net

income by approximately $82.36; therefore, the Plan fails to comply with 11 U.S.C. §1325(b)(1)(B) and 11 U.S.C. §1325(a)(3).

12. ELGA Credit Union bank statements show "DAYFOURCE ODP" deposits. The Trustee requires a filed Affidavit detailing the source of these deposits and if they are expected to continue.

13. The Trustee opposes the retention of two vehicles (a 2007 Range Rover and a 2008 Cadillac) the Debtor testified at the 341 Meeting that neither vehicle is operational. Range Rover blown gasket and the Cadillac has timing issues ~$3,800 to repair the Cadillac) as such expense is excessive, constitutes a drain on the estate and is not reasonably necessary for the maintenance and support of the Debtor or dependent(s) of the Debtor contrary to 11 U.S.C. §1325(b)(1)(B)(2)(A)(i).

14. The Trustee objects the fiancé living in the household without contributing to expenses as it is leaving the Debtor unable to remit all projected disposable income as he is having to subsidize the living expenses of the fiancé contrary to 11 U.S.C. §1325(b)(1)(B).

15. The Debtor's Chapter 13 Plan includes a domestic support obligation to a Katherine Spiker in the amount of $459.72 per month, but the Debtor testified at the 341 Meeting of Creditors that this entry was a typographical error. The Trustee requires an amended Chapter 13 Plan to remove this obligation. The Debtor has indicated that domestic support obligations are paid in full.

16. The Trustee opposes the contribution to the Debtor's retirement savings plan and relies on *In re Davis*, 960 F. 3d 346 (6th Cir. 2020). Schedule I indicates that the Debtor has been employed with his employer for 6 months and Schedules A/B question #21 reflect no 401k contribution prior to the Petition. The Trustee requires an amended Schedule I and J and an increase in plan payments by $189.11 per month.

17. The Debtor's bank statements show gambling activity. The continuation of gambling amounts to a drain on the estate, thereby affecting the net disposable income available to fund the Plan in contravention of 11 U.S.C. §1325(a)(3) and/or 11 U.S.C. §1325(b). The Trustee requires the Debtor to cease all gambling activity.

18. The Judgment of Divorce indicates the Debtor is to pay Sheila half of the equity of the real property ($45,028.50) and half of the amount in the 401k ($5,000) within two years

following the Judgment of Divorce, which would be in September 2025. The Debtor testified at the 341 Meeting of Creditors that Sheila is waiving these provisions included in the Judgment of Divorce and not holding him accountable.  The Trustee questions if a modified Judgment of Divorce will be entered to reflect the same.

19. Provide the following to the Trustee:
    a. A recent property tax bill containing the state equalized value for the real property located at 770 1st Street, Fenton, MI;
    b. Titles for the 2007 Range Rover and 2008 Cadillac;

The Trustee notes:

Based on Federal Rules of Bankruptcy Procedure 3002, secured creditors must file a proof of claim in order for the claim to be allowed.  This also means that a claim must be filed in order for the creditor to share distributions in the Chapter 13 plan.  Trustee notes that there is a secured creditor scheduled in this case who has not yet filed a Proof of Claim.  As you are aware, the bar date in which to file secured claims is approaching as noted above.  Should the secured creditor not file a proof of claim, the Debtor has 30 days from the expiration of the bar date in which to file a proof of claim on behalf of the creditor pursuant to Bankruptcy Rule 3004.  Please remember to provide attachments to claims filed in compliance with Bankruptcy Rule 3001(c) and (d). Please proceed as you deem appropriate.

NATURE OF THE PLAN- The Trustee interprets the nature of the plan to be:

☒ Base plan-completed upon the Trustee receiving $116,100 in addition to the receipts prior to confirmation.

 WHEREFORE, unless the above terms are satisfied, the Chapter 13 Trustee requests that this Honorable Court deny confirmation of the Debtor's Plan, dismiss this case, or provide other relief as is just.

|  | /s/ Melissa A. Caouette |
|---|---|
| Dated:    August 4, 2025 | Melissa A. Caouette, Standing Chapter 13 Trustee |
|  | 400 N. Saginaw St. Ste 331., Flint, MI 48502 |
| Katie | (810) 238-4675     ECF@flint13.com |
|  | P-62729 |

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION-FLINT

IN THE MATTER OF:
DEBTOR (S)

Case No: 25-31311-JDA
CHAPTER 13 PROCEEDINGS
JUDGE Joel D. Applebaum

Randy S Langford

CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, I electronically filed the Chapter 13 Trustee's Objection to Confirmation with the Clerk of the Court using the ECF system; which will send notification of such filing to the following:

Bankruptcy Law Offices
GEOLAW85@AOL.COM

And I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

Randy S Langford
770 1St Street
Fenton  Mi  48430

/s/ Tracee Denicolo

Melissa A. Caouette, Standing Chapter 13 Trustee

400 N. Saginaw St. Ste 331., Flint, MI 48502

(810) 238-4675

Email: ECF@flint13.com