IN THE MATTER OF:    CASE NO: 25-31311-JDA    ATTORNEY: Bankruptcy Law Offices
DEBTOR (S)    CHAPTER 13 PROCEEDINGS    DATE FILED: 6/19/2025
    JUDGE: Joel D. Applebaum
Randy S Langford        CLAIMS BAR DATE: 8/28/2025

## TRUSTEE'S * AMENDED OBJECTION TO CONFIRMATION

1. * As of the date of these objections, the Debtor is delinquent in plan payments by $3,770. The Trustee requires the Debtor to provide a method for the cure of any plan payment default.

2. * A Third-Party Wage Withholding Order [Doc. 21] was entered on June 23, 2025 and served on the employer by the Trustee's office on June 24, 2025. An amended Payment Order [Doc. 41] was entered on August 12, 2025 and served on the employer by the Trustee's office on August 12, 2025. The Trustee notes that as of the date of these objections, the Payment Order has not produced a plan payment. The Trustee questions whether the Debtor is still employed with Henrob Corporation.

3. * As of the date of these objections, the most recently filed amended Chapter 13 Plan [Doc. 34] appears to not have been properly served on creditors, as the Certificate of Service [Docs. 35 and 36] were both Struck by Court for the mailing matrix being for a different case.

4. The Trustee calculates that the proposed plan is not feasible and will not pay secured creditors in full within 60 months. 11 U.S.C. §1322(d)(1) requires that the plan not extend beyond 60 months.

5. * The Trustee calculates that the plan funding is not satisfying the best interest of the creditors test contrary to 11 U.S.C. §1325(a)(4).

6. * Paragraph II. C. of the proposed amended Chapter 13 Plan concerning Future Tax Refunds elects option number 3 which provides that the Debtor(s) plan proposes less than a 100% dividend to unsecured creditors and debtor's Schedule I includes a proration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration for anticipated Federal Tax Refunds. However, Schedule I understates the tax proration. Therefore, the Trustee requires an amended

Schedule I to adjust the tax refund proration or language in the Order Confirming Plan that the Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case in excess of $6,000.

7.  * Based upon the Debtor's amended Schedule J [Doc. 37], the amount of disposable income available to fund the Plan is $2,035 per month, but the amended Chapter 13 Plan [Doc. 34] proposes funding in the amount of $2,135 per month.  The Trustee questions how the Debtor will be able to fund the plan pursuant to 11 U.S.C. §1325(a)(6).

8.  As of the date of these objections, Dort Financial Credit Union has not filed a Proof of Claim for the 2007 Range Rover or the 2008 Cadillac.  If the Creditor does not file Proofs of Claim by the bar date of August 28, 2025, the Trustee requests that the Debtor file claims on creditor's behalf on or before September 27, 2025 so that Creditor may receive distributions during plan pendency pursuant to Bankruptcy Rule 3004.

9.  ELGA Credit Union bank statements show "DAYFOURCE ODP" deposits.  The Trustee requires a filed Affidavit detailing the source of these deposits and if they are expected to continue.

10. The Trustee opposes the retention of two vehicles (a 2007 Range Rover and a 2008 Cadillac) the Debtor testified at the 341 Meeting that neither vehicle is operational. Range Rover blown gasket and the Cadillac has timing issues ~$3,800 to repair the Cadillac)  as such expense is excessive, constitutes a drain on the estate and is not reasonably necessary for the maintenance and support of the Debtor or dependent(s) of the Debtor contrary to 11 U.S.C. §1325(b)(1)(B)(2)(A)(i).

11. The Trustee opposes the contribution to the Debtor's retirement savings plan and relies on *In re Davis*, 960 F. 3d 346 (6th Cir. 2020).  Schedule I indicates that the Debtor has been employed with his employer for 6 months and Schedules A/B question #21 reflect no 401k contribution prior to the Petition. The Trustee requires an amended Schedule I and J and an increase in plan payments by $189.11 per month.

12. The Debtor's bank statements show gambling activity.  The continuation of gambling amounts to a drain on the estate, thereby affecting the net disposable income available to fund the Plan in contravention of 11 U.S.C. §1325(a)(3) and/or 11 U.S.C. §1325(b). The Trustee requires the Debtor to cease all gambling activity.

13. The Judgment of Divorce indicates the Debtor is to pay Sheila half of the equity of the real property ($45,028.50) and half of the amount in the 401k ($5,000) within two years following the Judgment of Divorce, which would be in September 2025. The Debtor testified at the 341 Meeting of Creditors that Sheila is waiving these provisions included in the Judgment of Divorce and not holding him accountable. The Trustee questions if a modified Judgment of Divorce will be entered to reflect the same.

The Trustee notes:

Based on Federal Rules of Bankruptcy Procedure 3002, secured creditors must file a proof of claim in order for the claim to be allowed. This also means that a claim must be filed in order for the creditor to share distributions in the Chapter 13 plan. Trustee notes that there is a secured creditor scheduled in this case who has not yet filed a Proof of Claim. As you are aware, the bar date in which to file secured claims is approaching as noted above. Should the secured creditor not file a proof of claim, the Debtor has 30 days from the expiration of the bar date in which to file a proof of claim on behalf of the creditor pursuant to Bankruptcy Rule 3004. Please remember to provide attachments to claims filed in compliance with Bankruptcy Rule 3001(c) and (d). Please proceed as you deem appropriate.

NATURE OF THE PLAN- The Trustee interprets the nature of the plan to be:

☒ Base plan-completed upon the Trustee receiving $128,100 in addition to the receipts prior to confirmation.

 WHEREFORE, unless the above terms are satisfied, the Chapter 13 Trustee requests that this Honorable Court deny confirmation of the Debtor's Plan, dismiss this case, or provide other relief as is just.

<table>
<tr><td></td><td>/s/ Melissa A. Caouette</td></tr>
<tr><td>Dated:    August 20, 2025</td><td>Melissa A. Caouette, Standing Chapter 13 Trustee</td></tr>
<tr><td></td><td>400 N. Saginaw St. Ste 331., Flint, MI 48502</td></tr>
<tr><td>Katie</td><td>(810) 238-4675    ECF@flint13.com</td></tr>
<tr><td></td><td>P-62729</td></tr>
</table>

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION-FLINT

IN THE MATTER OF:
DEBTOR (S)

Case No: 25-31311-JDA
CHAPTER 13 PROCEEDINGS
JUDGE Joel D. Applebaum

Randy S Langford

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, I electronically filed the Chapter 13 Trustee's Amended Objection to Confirmation with the Clerk of the Court using the ECF system; which will send notification of such filing to the following:

Bankruptcy Law Offices
GEOLAW85@AOL.COM

And I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

Randy S Langford
770 1St Street
Fenton  Mi  48430

/s/ Tracee Denicolo
Melissa A. Caouette, Standing Chapter 13 Trustee
400 N. Saginaw St. Ste 331., Flint, MI 48502
(810) 238-4675
Email: ECF@flint13.com