**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN (Flint)**

| | |
|---|---|
| In re:<br>Randy S. Langford<br>Debtor.<br>_______________________________/ | Case No. 25-31311-jda<br>Chapter 13<br>Hon. Joel D. Applebaum |

**ORDER RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MODIFYING THE AUTOMATIC STAY**

Creditor, Lakeview Loan Servicing, LLC (the "Creditor"), by and through its attorneys, Trott Law, P.C., the Debtor(s), Randy S. Langford, by and through their attorney, Leo Foley Jr. , and the Chapter 13 Trustee, Melissa A. Caouette, having filed with the Court a STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MODIFYING THE AUTOMATIC STAY (Docket # 84), with respect to the Creditor's Motion for Relief from the Automatic Stay (the "Motion", ECF No. 70) and the real property located at 770 1st St, Fenton, MI 48430-4101, and the Court finding good cause to enter this Order;

IT IS HEREBY ORDERED AS FOLLOWS:

1. Debtor must be 100% current on the post-petition mortgage payments by plan expiration.

2. Effective September 2, 2026, in the event the Debtor(s) fails to remit payments as required to the Chapter 13 Trustee, including any attorney fees as noted below, Creditor may serve on Debtor(s), Debtor's counsel, and the Chapter 13 Trustee, a Notice of Default; and in the event the default is not cured within 30 days from the date of service, along with all subsequently required payments maintained, Creditor may submit to the court for entry an order terminating the automatic stay, as applicable, no further notice, hearing, or motion being required.

3. That attorney fees and costs for the Motion are recoverable pursuant to Fed.R.Bankr.P. 3002.1 to be paid through the Chapter 13 Trustee, upon Creditor's filing of a post-petition fee notice.

4. Debtors are limited to two opportunities to cure. Should a third default occur, the stay shall terminate upon the filing of a Notice and Order. Creditor's fees and costs associated with any defaults are recoverable and may be included in the amount to cure. Pursuant to the mortgage contract, Creditor may file a supplemental / amended claim to recoup any advances.

5. Any Order terminating the automatic stay entered pursuant to this Order shall be effective immediately notwithstanding the provisions of Fed.R.Bankr.P. 4001(a)(4), the provisions of FRBP 3002.1 shall be terminated, and the order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code. In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s) / homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. If the Bankruptcy case is dismissed, discharged, or converted the Agreed Order becomes null/void.

6. Any Order terminating the automatic stay entered pursuant to this Order shall allow Movant, at its option, to offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale or other loss mitigation solution. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement

**Signed on September 1, 2026**

**/s/ Joel D. Applebaum**

**Joel D. Applebaum**
**United States Bankruptcy Judge**